Stanley Gartenstein, J.
The celebrated case of People ex rel. Scarpetta v. Spence-Chapin Adoption Serv. (28 N Y 2d 185) was decided by the Court of Appeals on April 7, 1971. Looking past the rhetoric and headlines it generated, the results brought into focus an area of jurisprudence concerning the rights of foster parents which required study by. the Legislature. When all the furor was quieted, this labor commenced and yielded a series of amendments to existing statutes, which conferred certain rights upon foster parents who had retained custody of an infant for 24 months or more.[1] These enactments colloquially referred to as the “Scarpetta” laws now come under consideration in this proceeding pursuant to section 392 *375 of the Social Services Law for review of foster care of the infant Ha Denise.
Ida Denise, now 10 years old, was placed for foster care almost simultaneously with her birth and has lived with the same foster family ever since. She is an integral part of the foster family but has maintained contact with her mother and is aware of her own status. As her biological mother approached the time when she would be ready to care for her, Ida Denise’s foster parents allegedly commenced a course of undermining her efforts by tearing down the natural mother and requesting the child’s removal on four occasions. The natural family is large and warm and has a ready place for the girl, who enjoys being with them. The foster mother has had one stroke and has been hospitalized for cardiovascular disease. She allegedly drinks two fifths of intoxicants a week.
Many of these facts were elicited at the trial which commenced but halted upon request of counsel for the foster parents on consent for the purpose of having the court consider their application for disclosure of the agency case record pursuant to subdivision 4 of section 372 of the iSocial Services Law. This relief was granted in the interest of justice despite the fact that the foster parents had elected to proceed. The application for disclosure is now before the court.
Subsequent to these proceedings and prior to the adjourned date for continuance of the trial, while the application for disclosure was pending, the agency directed the foster parents to bring Ida Denise to court on the continued date with her belongings and clothes for the purpose of effectuating termination of the foster parents’ status.
Concerning disclosure pursuant to subdivision 4 .of section 372 of the Social Services Law, this court has held in Matter of Carla L. (77 Misc 2d 363) that a child-care agency case record may be examined under court auspices on application of the biological mother in review .proceedings pursuant to section 392 of the Social Services Law. In that matter, the mother, opposing an extension of foster care, sought a directive providing for return of the child to her. In this proceeding, the facts are reversed. The child-care agency seeks to return the child to her natural mother. The foster parents have neither filed for nor been granted the right to intervene as awarded by the “ Scarpetta ” amendment to section 392 the effective date of which postdates the filing of this proceeding. Their status is challenged by both the agency and the biological parent. Because the holding herein renders this question academic, the *376 court does not decide whether or not the ‘ ‘ Scarpetta ’ ’ amendment to section 392 in favor of foster parents can be applied retroactively. However, assuming the affirmative, the result herein must ibe the same.
As we pointed out in Carla L. (supra) the court in section 392 proceedings is given the option of ordering only one of four possible dispositions. The only one of these which might be considered to affect in any way the status of a party before it, is that which directs return of a child to its natural mother. Even this point is arguable. However, there can be no dispute that in spite of the fact that foster parents are given the right to participate as parties herein, no authorized disposition in these proceedings can effectuate any rights in their favor.[2] A separate statutory scheme has been enacted for foster parents who feel aggrieved by the actions of an agency removing children from them, in section 400 of the 'Social Services Law. This section grants foster parents internal review through the office of the 'Commissioner of Social Services; and upon exhaustion of internal remedies, a review in the Supreme Court pursuant to article 78 of the CPLR. In short, the only statutory schemé which enables a foster parent to obtain positive redress from the courts against an agency calls for proceedings outside this court. Logically then, the foster parents’ right to participate in these proceedings as parties, guaranteed by section 392 is futile, of no effect, and constitutes an expenditure of court time to no avail and a waste of the foster parents ’ energies and emotions. The court must treat any action by an agency removing a child from a foster home equally, regardless of whether this removal be for placement in another foster home or in the home of its biological parent.
In effect, the proposed return of Ida Denise to her natural mother would render this entire proceeding academic and strip the court of jurisdiction, section 392 notwithstanding.
We must hold that a statute which confers ineffectual ¡rights, such as section 392 does with foster parents, grants no auxiliary procedural remedies by implication. The foster parents have *377 been effectively relegated to internal review before the commissioner and then article 78 if aggrieved, as contemplated by section 400 of the iSocial .Services 'Law. Upon actual return of the child pursuant to agency direction this proceeding must be dismissed as academic and the application for disclosure reluctantly denied.
The court has been advised by its Mental Health Service, to which all parties have been referred for evaluation, that return of Ida Denise to her natural mother as contemplated at this time would exacerbate an already bad situation. In order to minimize this damage, the contemplated return of Ida Denise is stayed until such time as the foster parents have exhausted their remedies pursuant to section 400 of the Social Services Law. This matter is adjourned to the first available date, during which time the foster parents shall be obliged to proceed with diligence. Failing completion of these proceedings or their progress in good faith, the stay shall be vacated on the adjourned date. Aside from the squandered time, effort and heartbreak involved to the foster parents in proceedings to date, only to relegate them to new proceedings in another court, there is also the irony that if and when article 78 proceedings reach the Supreme .Court, it will be faced with litigation, the scope of which is within the peculiar expertise of the Family Court, without the power to make an appropriate referral of the issues to this court for disposition. The argument for consolidation of the Various courts of original jurisdiction has never been more eloquently stated. However, should consolidation not become reality for whatever considerations of legislative expediency, the .amendment of this statutory scheme must be a matter of first legislative priority.

. See Social Services Law, § 383, subd. 3; § 384, subd. 3; § 392, subd. 4; § 400.

. The three dispositional alternatives possible in favor of a foster parent are: A. foster care continued (leaving the situation in limbo subject to a “ contract ” for foster care between foster parent and agency, the latter being itself a subcontractor for care between itself and the commissioner under the terms of which the child can be removed at any time); B. foster care continued with direction that proceedings be commenced to terminate parental rights (being in effect no more than a direction that additional litigation be commenced the result of which is still in doubt) ; C. foster care continued with direction that legally free child be placed in foster home for adoption (leaving the situation again subject to further court proceedings for adoption).