Alfred J. Weiner, J.
Pursuant to article 6 of the Family Court Act, a petition was filed by the Jewish Child Care Association, an authorized agency, alleging that the above-named child was permanently neglected and all parental rights should be terminated.
It is alleged that the child who is the subject of this proceeding has continuously resided with the foster parents since she was three months old. The child is presently nine years old having been born February 15, 1966.
At the fact-fínding hearing a motion was made by the foster parents to intervene as a matter of right, in this permanent neglect proceeding. It is their contention that the fact-finding hearing and dispositional hearing are "custody” proceedings. In support of their application they cite subdivision 3 of section 383 of the Social Services Law which reads in relevant part as follows: "Foster parents having had continuous care of a child, for more than twenty-four months, through an authorized agency, shall be permitted as a matter of right, as an interested party to intervene in any proceeding involving the custody of the child.”
Is either the "fact-finding hearing” (Family Ct. Act, § 622) or the "dispositional hearing” (Family Ct. Act, § 623) a custody proceeding as contemplated by subdivision 3 of section 383 of the Social Services Law?
THE FACT-FINDING HEARING
The purpose of the fact-finding hearing is to determine whether certain allegations required to be set forth in the petition and enumerated in section 614 of the Family Court Act are supported by a fair preponderance of the evidence. Section 614 requires the following allegations: that the child is a person under 18 years of age; that he has been placed in the care of an authorized agency, either in an institution or in a foster home; that the agency has made diligent efforts to strengthen the parental relationship unless such efforts would *778 have been detrimental to the moral and temporal welfare of the child; and that the parent or custodian, notwithstanding the agency’s efforts, has failed for a period of more than one year following the placement or commitment of the child substantially and continuously or repeatedly to maintain contact with or plan for the future of the child although physically and financially able to do so.
In the Matter of Lewis (41 AD2d 619) the Appellate Division, First Department, held it to be error for the Family Court to terminate custody after the completion of only the fact-finding hearing and prior to the dispositional hearing, reaffirming that the purpose of the fact-finding hearing is only to determine whether the allegations in the petitions are sustained by a fair preponderance of evidence. (See, also, Matter of Stephen B., 60 Misc 2d 662.)
In the Matter of Jacqueline J. (74 Misc 2d 254) the Family Court, Queens County, was faced with an issue similar to the one before this court. In that case, as with this one, justification for movants’ intervention is the use of the word "custody” throughout part 1 of article 6 of the Family Court Act. That court held that the word "custody” as used therein referred only to parental rights which are incidental and inherent to parenthood. The court stated (p 256): "that although [the word] 'custody’ is used in the permanent neglect law, it does not necessarily follow that it is a custody proceeding. A literal construction is not necessarily conclusive in interpreting legislation. Statutes must be read as a whole and not word by word.” (McKinney Cons Laws of NY, Book 1, Statutes, § 111.)
Accordingly, this court finds that the fact-finding hearing in a permanent neglect proceeding is not a custody proceeding as contemplated by subdivision 3 of section 383 of the Social Services Law and, therefore, movant cannot intervene therein as a matter of right.
THE DISPOSITIONAL HEARING
Section 623 of the Family Court Act clearly indicates the nature of the dispositional hearing. The statute provides that it is a "hearing to determine whether the interests of the child require that the parents’ custody or the custody of another person responsible for the care of the child be terminated permanently and, if so, what order of disposition should be made.” The court, at the conclusion of a dispositional hearing, may either dismiss the petition, suspend judgment or *779 permanently terminate custody and award custody to the petitioner. (Family Ct. Act, §§ 631, 632, 633, 634.)
It is indisputable that the custody and control of the child are at issue in a dispositional hearing. Therefore, this court finds that the foster parents, pursuant to subdivision 3 of section 383 of the Social Services Law, have an absolute right to intervene in a dispositional hearing.
Although there is no absolute right for the foster parents to intervene in a fact-finding hearing, this court finds no basis in law, or in fact, to exclude the foster parents from participating as a matter of discretion.
Subsequent to Matter of Jacqueline J. (supra) and since the case of Scarpetta v Spence-Chapin Adoption Serv. (28 NY2d 185), in which the Court of Appeals held, inter alia, that the prospective adoptive parents were not entitled to intervene as of right in custody matters, the New York State Legislature has enacted sweeping modifications in the law which has granted foster parents greater rights. (L 1973, ch 804.)
Among the rights recently granted to foster parents is the right to receive notice and to participate in foster care review proceedings (Social Services Law, § 392, subd 4); the right to institute permanent neglect proceedings against the natural parents if authorized by the court upon the failure of the authorized agency to do so (Social Services Law, § 392, subd 7; Family Ct. Act, § 615); to institute foster-care review proceedings (Social Services Law, § 392, subd 10); the right to receive preference in adopting a foster child if they have continuously cared for such child for two years or more (Social Services Law, §§ 383, 374); the right to intervene in any proceeding commenced to set aside a surrender instrument executed pursuant to section 384 of the Social Services Law; and the right to intervene in any proceeding involving the custody of a foster child for whom the foster parents have continuously cared for for more than 24 months. (Social Services Law, § 383.)
In addition to the afore-mentioned trend in the law granting foster parents greater rights vis-á-vis their foster child, it also appears to this court that if foster parents can institute a permanent neglect proceeding (Family Ct. Act, § 615) and thereby participate as a party, it would seem illogical and inequitable to unequivocably deny their participation therein because they were not the party to institute the proceedings. The interest and concern of the foster parents in the well- *780 being of the foster child is not altered by who the petitioner is in a permanent neglect proceeding.
Because of the foregoing and the apparent concern of these foster parents for this child’s welfare, this court as a matter of discretion, hereby grants the foster parents’ motion to intervene in the fact-finding hearing.