■ In the Matter of CINDY STEVENS and Others, Dependent Children.— Order unanimously reversed, without costs, motion to intervene granted and matter remitted to Onondaga County Family Court, for a hearing in accordance with the following memorandum: The sole question presented on this appeal is whether foster parents who have had continuous care of children for a period in excess of 24 months have a right to intervene in an abandonment proceeding commenced pursuant to subdivision 6 of section 384 of the Social Services Law. "Foster parents having had continuous care of a child, for more than twenty-four months, through an authorized agency, shall be permitted *as a matter of right,* as an interested party to *intervene in any proceeding involving the custody of the child"* (emphasis supplied) (Social Services Law, § 383, subd 3). Section 384 of the same statute in subdivision 6 provides, in pertinent part, as follows: "if the parent or parents whose consent would otherwise be required under this section have abandoned such child for the period of six months then next preceding, the guardianship of the person and the custody of such child may be committed to an authorized agency by order of the surrogate or family court judge" (emphasis supplied). Since section 383 makes it a matter of statutory right for foster parents to intervene in *any* proceeding involving the children's custody and custody may be determined in a proceeding under subdivision 6 of section 384 it appears that these foster parents have a statutory right of intervention in this proceeding. Absent a valid reason for denying intervention, these statutory provisions should not be construed so as to deny to appellants the right to intervene. We are particularly persuaded in reaching this conclusion by a consideration of the effect that this proceeding has upon both natural and foster parents' rights to custody under the statute (Social Services Law, § 383, subd 3; § 384, subd 6; § 392, subd 7, par [c]). We also believe that the foster parents, having had continuous care of these children for periods of time as long as four and one-half years, can help provide the most relevant and current information, thereby enabling the trial court to make its determination on a complete record and in the best interests of the children. Finally the hearing directed herein should be held before a Family Court Judge other than the one who originally heard this matter. (Appeal from order of Onondaga County Family Court on motion to intervene.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.