Stanley Gartenstein, J.
The statutory scheme for review of foster care is basically contained in section 392 of the Social Services Law, and, by subsequent enactment providing for initial review within 30 days, in section 358-a thereof. These statutes are basically a scheme to achieve the legislative purpose of serving as a " 'spur to the resolution of situations where foster care and the higher attendant expense thereof to the taxpayers * * * might have been allowed to continue indefinitely’ ” (Matter of Carla L., 45 AD2d 375, 384).
From the date of its initial enactment, the law has expanded in two basic areas. The first, a grant of more meaningful rights to foster parents has been effectuated by the so-called "Scarpetta” laws (see Matter of Ida Denise W., 77 Misc 2d 374). The other area embodies a process of filling in legislative gaps (see Matter of Carla L., 77 Misc 2d 363), and formalizing proceedings in situations arising as a result of day-to-day litigation in this court.
Of the four alternatives made available to the court by section 392 of the Social Services Law, three may be said to curb in some way, the discretion of individual voluntary agencies in how they will perform their subcontract for child care with the prime contractor, the particular Department of Social Services. These three alternatives may be characterized as follows:
(1) Discharge of the child to the natural parent;
(2) Continuation of foster care with a direction that the agency commence proceedings to free the child for adoption;
(3) Continuation of foster care with a direction that a legally freed child be placed for adoption.
Only one of the four alternatives, that of continuing foster care with no accompanying directive, presumably presupposes satisfaction with the discharge of its obligations by the subcontracting agency. This underscores a very clear legislative *828 intent that the court serve as a monitor to insure the expedited processing of these matters.
As corrollary to the foregoing, section 392 (subd 7, par [c]) pertains to the right of foster parents to institute a proceeding to free a child for adoption when the agency defaults in its court-ordered responsibility to do so and provides: "and upon a failure by such agency to institute such a proceeding within thirty days after entry of such order, permitting the foster parent or parents in whose home the child resides to institute such a proceeding”.
It has been held that the "Scarpetta” amendments to the foster care review provisions do not grant foster parents the right to intervene in proceedings to terminate parental rights prior to fact finding. (Mutter of Laura Ann, 82 Misc 2d 776; Matter of Jacqueline J, 74 Misc 2d 254.)
This proceeding raises the novel question: When an order has been made directing an agency to commence proceedings to terminate parental rights, may the agency by token compliance — viz., commencing the proceeding as opposed to litigating it — effectively block the foster parents from asserting their rights?
In this litigation, the agency, pursuant to direction of this court in foster care review proceedings, did indeed commence proceedings to terminate parental rights via the issuance of process on June 9, 1975. Thereafter it apparently abandoned the litigation leaving the foster parents powerless to commence their own proceedings on one hand (Social Services Law, § 392, subd 7, par [c]); or to have their application for intervention granted (Matter of Laura Ann, supra; Matter of Jacqueline J., supra).
The obvious response of the court is to take action effectuating the legislative intent by expediting the course of these proceedings and recognizing those vested rights of foster parents granted by section 392. Accordingly, while an application to intervene in the pending proceedings to terminate parental rights is premature (Matter of Laura Ann, supra; Matter of Jacqueline J., supra), the court may, on its own motion, effectuate the statutory rights granted the foster parents and order them substituted in the name, place and stead of the agency with all rights already accrued as pertain to the perfection of jurisdiction. Enter order substituting the foster parents as petitioners and directing this cause in which issue is joined to trial on its merits.