opinion of the court
Elrich A. Eastman, J.
This motion comes before the court on application of the foster parents of this infant to intervene as participants in the termination proceedings instituted by petitioner, Jewish Child Care Association, to terminate the parental rights of the parents of the infant, Marina S., under section 384-b of the Social Services Law. The child has resided with these foster parents since January 29, 1979 after placement upon a finding of abuse against the mother. Placement was further extended for a period of one year as of November 9,1980 after a hearing. Additionally, a writ of habeas corpus by the father seeking custody of the child was denied at that hearing in a consolidated proceeding by decision of this court on April 24, 1981.
*899 By reason of their continuous custody for a period in excess of 18 months, they seek, as a matter of right, to intervene under subdivision 3 of section 383 of the Social Services Law and CPLR 1012. They contend that these proceedings involve the custody of this infant and that they will be bound by the court’s decision herein.
No papers in opposition have been filed and both petitioner and Law Guardian have consented to their application.
Under the statutory scheme, termination proceedings are bifurcated to provide for a fact-finding hearing under section 622 of the Family Court Act and a dispositional hearing to determine the best custodial interest of the. child under section 623 of the Family Court Act.
The Court of Appeals aptly noted in Matter of Bistany (239 NY 19, 24), in discussing adoption proceedings that the petitioners therein are asking “for more than custody. They seek to make the child their own.” Thus it is apparent that termination proceedings to free the child for adoption are not solely custodial in nature. Moreover, until the issue of parental fitness is fully determined within the meaning of section 384-b of the Social Services Law as to the allegation of permanent neglect, the custodial best interests of the child are not before the court. Properly seated in Matter of Corey L v Martin L (45 NY2d 383, 391), “[t]he best interests of the child, as such, is not an ingredient of that conduct and is not involved in this threshold question.” (See, also, Matter of Bennett v Jeffreys, 40 NY2d 543.) The adjudicatory phrase is a fact-finding hearing to determine the issue of permanent neglect while the dispositional hearing is for the purpose of determining whether the best interest of the child requires that a parent’s custody be permanently terminated, and if so, what disposition shall be made of the child with respect to custody. While article 6 of the Family Court Act contains the word custody, the actual issues pertaining to custody do not arise until the dispositional phase. (See Matter of Jacqueline J., 74 Misc 2d 254.)
Notwithstanding, the clear intent of the Legislature to expand the rights of foster parents as evidenced by the. *900 “Scarpetta amendments” enacted after the Court of Appeals landmark decision in People ex rel. Scarpetta v Spence-Chapin Adoption Serv. (28 NY2d 185; L 1973, ch 804; Matter of Laura Ann, 82 Misc 2d 776), such an expansion of the foster parents’ rights should not be in diminution of the rights of natural parents. Both the Supreme Court of the United States and the Court of Appeals have emphasized time and again, the constitutional right of a parent to rear its child and the child’s right to be reared by its parent. (Matter of Bennett v Jeffreys, supra; Wisconsin v Yoder, 406 US 205; Pierce v Society of Sisters, 268 US 510.) Thus, “the courts and the law would, under existing constitutional principles', be powerless to supplant parents except for grievous cause or necessity”. (Matter of Bennett v Jeffreys, supra, at p 548; Stanley v Illinois, 405 US 645, 651.) Therefore, the fact-finding stage of this proceeding is intended to duly safeguard the rights of both natural parent and child.. To allow foster parents to intervene at this juncture would not contribute to a determination of parental fitness but in fact would serve to introduce “best interests” issues inappropriate to the fact-finding hearing. Moreover, it could tend to exacerbate the bitterness of the parties unnecessarily.
This court is not unmindful of these foster parents’ dedication and interest in the welfare of this child and their concern for the outcome of these proceedings. Nonetheless, there is no showing that this petitioner is incapable of diligently pursuing this proceeding or presenting this petition effectively, to warrant the exercise of its discretion herein, or the application of CPLR 1012 (subd [a], par 2).
A distinction must be made here between the permission granted to intervene in the prior consolidated proceedings, all of which were essentially custodial in nature, and the current fact-finding proceeding. There, the best custodial interests of the child was the sole issue. Here, only the fitness of the parent is at issue in the fact-finding hearing.
Accordingly, the motion to intervene is denied as to the fact-finding hearing and granted as to the dispositional *901 hearing if one is necessary, upon due notice of such intervention to all the parties.