In the Matter of MICHAEL W., JR.

In the Matter of RALEIGH HARKE et al., Appellants, v ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. (Appeal No. 1.)

In the Matter of RALEIGH HARKE et al., Appellants, v ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. (Appeal No. 2.)

Fourth Department, November 10, 1986

## APPEARANCES OF COUNSEL

*Harris, Beach, Wilcox, Rubin & Levey (Joyce Parker* of counsel), for appellants.

*Gerald T. Barth (James P. Maxwell* of counsel), for respondent in proceedings Nos. 1 and 3.

*Robert J. Rossi, County Attorney (Christopher Mack* of counsel), for Onondaga County Department of Social Services, respondent in proceedings Nos. 1 and 2.

*Michael R. Canestrano, Law Guardian.*

## OPINION OF THE COURT

SCHNEPP, J.

Appellant foster parents seek relief from an order which deprived them of their status as parties and denied their motion to intervene in a Family Court proceeding instituted to modify an order of disposition in a child protective proceeding. The underlying order of disposition under Family Court Act article 10 had placed the neglected child with the Onondaga County Department of Social Services (DSS) for re-placement in a suitable foster home. Two years after the child was removed from his father's custody, the DSS filed a modification petition based on a change of circumstances in which it was alleged that the child should be returned to his father and that the foster parents were entitled to notice of the proceedings and permitted as of right to intervene since the child had resided with them for more than 12 months. Summonses issued by Family Court were served and the foster parents appeared in the proceedings. They also filed a petition for the custody of the child under Family Court Act article 6.

The child, who was born out of wedlock, was surrendered by his mother to DSS for adoption and placed with appellants as adoptive parents when he was four days old. However, after the respondent father established paternity he obtained custody of the child. Thereafter, the child was found to be neglected within the meaning of Family Court Act article 10 and removed from the father's home. The child was eventually resettled in foster care with appellants and it is undisputed that they have had continuous care of him for more than 12 months.

Article 10, entitled "Child Protective Proceedings", "is designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being." (Family Ct Act § 1011.) If the court determines that a child is abused or neglected, it is required to enter an order under Family Court Act § 1052 (a), which specifies five possible dispositions, to wit: (i) suspending judgment under section 1053; (ii) releasing the child to the custody of his parents under section 1054; (iii) placing the child outside the home in accord with section 1055; (iv) making an order of protection under section 1056; or (v) placing the respondent under supervision under section 1057. Section 1055 (a) provides that "the court may place the child in the custody of * * * the commissioner of social services". "Placements under this section may be for an initial period of eighteen months and the court in its discretion may make successive extensions for additional periods of one year each." (Family Ct Act § 1055 [b].) No placement shall be extended except upon a hearing "concerning the need for extending or continuing the placement" (Family Ct Act § 1055 [b] [ii]) and notice of the hearing shall be served by the petitioner upon, among others, the child's parent and *"the foster parent or parents in whose home the child resides at the time of the filing of the petition for extension of placement * * * each of whom shall be a party entitled to participate in the proceeding."* (Family Ct Act § 1055 [b] [iii]; emphasis added.)

In addition to or in lieu of an order of placement or extension of placement, the court may direct DSS "to institute a proceeding to legally free the child for adoption" and if the agency fails to act within 90 days "the court shall permit the foster parent or parents * * * to institute such a proceeding" (Family Ct Act § 1055 [d]). These "provisions relating to foster parents * * * reflect the greater rights accorded to them in recent legislation." (Besharov, Practice Commentary, McKin-

ney's Cons Laws of NY, Book 29A, Family Ct Act § 1055, p 447.)

Here, the original 18-month term for the child's placement in foster care under Family Court Act § 1055 extended from October 11, 1983 to April 11, 1985. In February 1985, DSS applied for an extension of placement for 12 months until April 11, 1986 *(see,* Family Ct Act § 1055 [b]). The petition, which was contested by the father, was granted by Family Court after a three-day trial at which the foster mother presented substantial testimony. The extension order directed DSS to prepare a plan for the eventual return of the child to his father.

On or about October 8, 1985, DSS filed the "Modification Petition" alleging a change in circumstance in that the father had complied with the requirement of counseling and had "made substantial progress towards the goal of obtaining the emotional stability and necessary resources to be successfully reunited with his child" and requested an order vacating the child's placement with it and returning him to his father under the supervision of DSS for one year. A motion to modify or vacate any order issued in a child protective proceeding may be made "[f]or good cause shown" (Family Ct Act § 1061). Family Court granted the modification petition without a hearing and ruled that the foster parents were not parties and could not intervene. The court also dismissed the petition seeking custody of the child. This appeal ensued.

The issue as framed by the parties on appeal from the order modifying the disposition in the neglect proceeding is whether foster parents who have had continuous custody of a child for more than 12 months have a right to intervene in the proceeding. Appellants base their claim on Social Services Law § 383 (3) which pertains to the care and custody of children "remanded or committed to an authorized agency" and provides that foster parents shall be given preference for adoption and have a right to intervene "in any proceeding involving the custody of the child." This statutory right of intervention has been held to apply to abandonment and permanent neglect proceedings under Social Services Law § 384-b (which encompasses former § 384 [6]) which could result in terminating parental rights and freeing the child for adoption *(see, Matter of Sheila G.,* 61 NY2d 368, 376; *Matter of Stevens,* 51 AD2d 877). The issue before us is whether it also applies in protective proceedings when a child has been placed in foster care.

Family Court resolved the matter by holding that child protective proceedings do not involve custody and that the essence of the petition was "a modification of a dispositional order from placement under section 1055 of the Family Court Act to release and supervision under section 1054 of the Family Court Act". The court's reasoning is unsound. While it is clear that child protective proceedings do not always result in a determination affecting custody, the decision to invoke the remedy of placement into foster care under section 1055 certainly effects a change in custody. Here, the infant was placed in the custody of DSS and subsequently settled in a foster home. Although the aim of an article 10 proceeding is the opposite of a permanent neglect proceeding, i.e., the goal in a child protective proceeding is to reunite the family if possible, not to free the child for adoption, the decision to place the child in foster care expands the child protective proceeding into one which thereafter involves the custody of the child. Once the child is left in foster care for more than 12 months the foster parents acquire a statutory right to intervene in the proceeding under Social Services Law § 383 (3).[1]

██ Although qualified foster parents have a general right to intervene under Social Services Law § 383 in any proceeding involving custody, a specific right to participate as necessary parties in a proceeding to vacate an order of placement may be implied from section 1055. Under that section placements may be for an initial period of 18 months, as in this case, and successive extensions may be made for additional periods of one year each. As we have pointed out, the placement may be extended following a hearing held upon the petition filed by the agency with whom the child was placed and "[n]otice of the hearing and a copy of the petition * * * shall be served" upon the foster parents in whose home the child resides (Family Ct Act § 1055 [b] [iii]). Foster parents thus acquire a right from the explicit provisions of section 1055 to participate in child protective proceedings.[2] If foster parents are necessary

---

1. Any remaining doubt as to whether a placement under section 1055 is a proceeding involving custody is dispelled by reference to the statute. Section 1055 (a) authorizes the court to "place the child *in the custody of* * * * the commissioner of social services" (emphasis supplied). Under this language it is clear that placement is a proceeding involving "custody".

2. Foster parents are not only declared to be parties entitled to participate in a proceeding to extend placement but may be authorized by the court to institute a proceeding to legally free the child for adoption (Family Ct Act § 1055 [d]).

parties in a proceeding to extend placement, presumably because they "can help provide the most relevant and current information" on the child *(Matter of Stevens,* 51 AD2d 877, *supra),* it follows that they must also be necessary parties in a proceeding to terminate placement. Family Court adopted the view that the DSS petition sought only to modify a prior order of disposition; however, the plain goal of the motion to modify was to terminate the order of placement and return custody of the child to the father under DSS supervision. In our view, foster parents in whose home the child resides at the time of the filing of the petition to terminate an order of placement are parties entitled to participate in the proceeding. A motion to intervene is unnecessary and foster parents should be served with a summons and petition at the outset of the proceeding. That procedure was followed by DSS and the Family Court in this case until the Family Court Judge improperly refused to allow appellants to participate at the hearing on the modification petition.

█ The appellants, however, did not have standing to institute a custody proceeding against either DSS or the father and their petition was properly dismissed. Family Court may, under certain circumstances, permit foster parents to institute proceedings to legally free a child for adoption *(see,* Family Ct Act § 1055 [d]; Social Services Law § 384-b [3] [a]; § 392 [7] [c]); however, that is not the case before us.

Accordingly, the orders dismissing the custody petition should be affirmed, and the order granting the modification petition and denying appellants' status in the proceeding should be reversed, except insofar as the order placed the father under the supervision of DSS and the matter is remitted to the Family Court for further proceedings. Family Court is directed to conduct an immediate dispositional hearing before a different Family Court Judge at which the appellants shall be entitled to be heard.

DENMAN, J. P., BOOMER, PINE and LAWTON, JJ., concur.

In proceeding No. 1, order unanimously modified, on the law, and as modified, affirmed, without costs, and matter remitted to Onondaga County Family Court for further proceedings, in accordance with opinion by Schnepp, J.

In proceedings Nos. 2 and 3, orders unanimously affirmed, without costs.