OPINION OF THE COURT
C. Raymond Radigan, J.
This case involves companion petitions for guardianship brought by an authorized agency for the purpose of releasing minor children for adoption. The petitions allege that the children have been abandoned by their individual putative fathers and their natural mother. An attorney has been *217 assigned to represent the mother and a guardian ad litem was appointed for the children. Before this matter appeared on the court’s Trial Calendar, the maternal grandmother petitioned the court to intervene as a party respondent pursuant to CPLR 401 and 1012 (a).
The agency has opposed the motion arguing that the grandmother as an extended family member has no special right to intervene in an abandonment proceeding. Distinguishing the abadonment hearing (a fact-finding hearing) from a custodial best interest test, the agency argues that the only issue for determination is whether or not the parents are at fault for allegedly abandoning the children (Social Services Law § 384-b [4] [b]). It equates the grandmother’s attempt to intervene with attempts by foster parents to intervene in the fact-finding stage of a termination proceeding. The agency relies mainly on two cases which originated in the Family Courts of New York and Columbia Counties, namely, Matter of Peter L. (59 NY2d 513) and Matter of Marina S. (111 Misc 2d 898).
The infant in Peter L. (supra) was voluntarily placed with the Department of Social Services which then placed him in foster care. When the child’s father was killed, the mother executed a voluntary placement agreement and a surrender instrument giving custody to the Commissioner of Social Services. Eventually, a foster care status review proceeding was held and the child’s grandmother was given notice. Her petition for custody was denied by the Family Court as not being in the child’s best interest. The Appellate Division reversed the order, awarding the grandmother custody. The Court of Appeals reversed again and reinstated the Family Court order, finding that members of an extended family of a child who has been surrendered to an authorized agency enjoy no special nonconstitutional right to custody. They are in no better position than strangers when it involves placement of the child for adoption by the agency.
Matter of Marina S. (supra) involved an attempt by foster parents to intervene in the fact-finding stage of a permanent neglect proceeding. A permanent neglect hearing under Social Services Law § 384-b (4) (d) involves a bifurcated proceeding. Initially a fact-finding hearing is held and then a dispositional hearing to determine the best custodial interests of the child (Family Ct Act §§ 622, 623). The foster parents contended that as a matter of right they should be allowed to intervene under section 383 (3) of the Social Services Law and CPLR 1012 because custody of the infant will be determined as a result of *218 the court’s decision. The court rejected this argument stating that, "the fact-finding stage of this proceeding is intended to duly safeguard the rights of both natural parent and child. To allow foster parents to intervene at this juncture would not contribute to determination of parental fitness but in fact would serve to introduce 'best interests’ issues inappropriate to the fact-finding hearing.” (Matter of Marina S., supra, at 900.)
This case is distinguishable from both Peter L. (supra) and Marina S. (supra). Unlike the case at bar, Peter L. (supra) did not involve the issue of abandonment by natural parents. In Matter of Peter L., the natural mother had already surrendered her child and agreed to his voluntary placement by the agency. The grandmother was permitted to participate in the foster care review proceeding (Social Services Law § 392) but was deemed to have no greater claim to the child than anyone else considered by the agency for the placement of the child. Matter of Marina S. (supra) involved a permanent neglect proceeding and not an abandonment proceeding. In a permanent neglect proceeding the grandmother might have an opportunity to be heard on the issue of custody, the second phase of the bifurcated hearing. In an abandonment proceeding there is no second phase, and a decision finding abandonment is tantamount to having the court terminate parental rights and award custody. It may be argued that if the grandmother is ever to be heard in this matter, her only opportunity will be at the abandonment hearing.
Foster parents who had custody of children for more than 24 months have been granted the right to intervene in an abandonment proceeding (Matter of Stevens, 51 AD2d 877). The court in Stevens (supra) decided that foster parents had a right to intervene in any proceeding involving the children’s custody, and since a determination of abandonment may also result in a determination of custody, foster parents have a statutory right of intervention. The right to intervene in the Stevens case, however, was created by the Legislature in the enactment of section 383 (3) of the Social Services Law, which states: "Foster parents having had continuous care of a child, for more than 12 months, through an authorized agency, shall be permitted as a matter of right, as an interested party to intervene in any proceeding involving the custody of the child”.
Although grandparents enjoy certain rights of visitation (Domestic Relations Law § 72), no statutory right has been *219 afforded them or any other extended family members to intervene in a fact-finding hearing involving possible abandonment by the natural parents. The interested parties in an abandonment proceeding under section 384-b of the Social Services Law include the parents, whose consent would otherwise be required, and the infant. Concededly the grandmother’s relationship with the child is tied to the court’s decision on the mother’s alleged abandonment. While the grandmother may be a witness on behalf of her daughter, she does not have any independent standing to intervene. Moreover, there has been no showing that the natural mother, with the assistance of her court-assigned attorney, is incapable of diligently defending herself against the allegation of abandonment. Accordingly, the grandmother’s motion under CPLR 401 and 1012 (a) is denied.