In the Matter of CARL B. et al., Petitioners, v BROOME COUNTY SOCIAL SERVICES et al., Respondents.

Family Court, Broome County, January 9, 1989

### APPEARANCES OF COUNSEL

*Howard Schultz* for Broome County Social Services, respondent. *Sunita Sood* for petitioners.

### OPINION OF THE COURT

HERBERT B. RAY, J.

#### I. INTRODUCTION

In this novel case natural mother executed a surrender instrument after the Department of Social Services instituted a petition for commitment of guardianship and for termination of mother's rights to the child by reason of mother's mental illness. The five-year-old child who is the subject of

these proceedings has been in foster care for the past three years. He has enjoyed regular visitation with his maternal grandparents since he was three years old.

The sole issue before this court is whether this court has the authority to entertain maternal grandparents' application for visitation filed subsequent to approval of their daughter's surrender instrument. The Department of Social Services argues that the Court of Appeals decision, *Matter of Peter L.* (59 NY2d 513 [1983]), is controlling and mandates preliminary dismissal of the grandparents' request for visitation. It is the position of the Department that this court is precluded from awarding maternal grandparents' visitation with their grandson even if the court found such visitation to be in the child's best interest.

Maternal grandparents assert that section 72 of the Domestic Relations Law guarantees them the right to seek visitation with their grandson at any time—even after adoption. They contend that such visitation is especially appropriate in the instant matter because they have had substantial court-ordered visitation with their grandson over the past several years. The procedural history of this case attests to the grandparents' continued participation in the litigation involving their grandson. Both parties have submitted legal briefs.

## II. APPLICABLE LAW

The court finds that neither the applicable case law nor statutory law mandates dismissal of grandparents' petition for visitation prior to hearing. This finding is limited to the specific facts of this case. Grandparents have enjoyed visitation with their grandson with agency and court approval for over two years.

## 1. *Matter of Peter L.*

Social Services asserts that this court does not have the authority to entertain maternal grandparents' application for visitation. The Department argues that it is not appropriate to schedule hearing on this issue. The agency contends that: After a child has been surrendered for adoption to the Commissioner of Social Services by the child's parents, even though grandparents have certain limited rights under Domestic Relations Law § 72: "[T]hose rights do not entitle a grandparent to override the right of the natural parent to surrender the child to a public agency and confer on [the

public agency] the right to consent to the adoption of the child." *(Matter of Peter L., 59 NY2d 513, 520, supra [1983].)*

In the *Peter L.* decision *(supra),* the New York Court of Appeals held that when children are surrendered to a Social Services Department, custody/visitation proceedings against Social Services by even fit grandparents, or for that matter any other extended family members, should not be permitted. In the case of *Matter of Peter L. (supra),* the Court of Appeals held that: "Members of the extended family of a child who has been surrendered to an authorized agency for the purpose of adoption have no special nonconstitutional right to custody of the child which permits them to override a decision by the agency to place the child for adoption with adoptive parents to be selected by the agency." *(Supra,* at 516.) The Court of Appeals determined that a custody award to a grandparent is not a statutorily authorized disposition in a proceeding brought pursuant to section 392 of the Social Services Law ("Foster care status; periodic family court review").[1]

The *Peter L.* decision *(supra)* recognized that upon surrender by the mother, adoption is not the only alternative for placement. "Where the guardianship and custody of a child have been committed to an authorized agency by a surrender instrument executed by the surviving natural parent empowering the agency to consent to adoption only two dispositions are available to the court: it may either direct that foster care be continued (Social Services Law, § 392, subd 7, par [a]) or it may direct that the child be placed for adoption either in the foster family home where he resides or has resided or with any other person or persons (Social Services Law, § 392, subd 7, par [d])." *(Supra,* at 518-519.) A hearing on the appropriate disposition is required. A foster care status review petition was filed in the instant case at docket No. N-25-86 and is currently pending. The grandparents are clearly entitled to participate in the review proceeding.

Grandparents in this case are not seeking custody. They do not oppose an agency adoption of their grandson by approved proposed adoptive parents. They simply want continued contact with him despite the adoption by court-ordered visitation. The grandparents, unlike those involved in the *Peter L.* case

---

1. The Surrogate's Court of Nassau County recently distinguished the *Peter L.* decision (59 NY2d 513) in holding that a grandparent as an extended family member has no special right to intervene in an abandonment proceeding. *(Matter of Jonathan N. W.,* 140 Misc 2d 216 [1988].)

*(supra),* seek to cooperate with the agency's goal of permanent adoptive placement for the child.

This fact significantly distinguishes the instant matter from the facts of the *Peter L.* case *(supra).* The *Peter L.* decision recognized that "[g]randparents are not without statutory rights with respect to their grandchildren (e.g., Domestic Relations Law, §§ 72, 240; *People ex rel. Sibley v Sheppard,* 54 NY2d 320)" *(supra,* at 520). Maternal grandparents seek to exercise those rights to visitation. The *Peter L.* decision does not preclude this court from entertaining this request.

## 2. *Recently Effective Legislation*

Domestic Relations Law § 72 sets forth the statutory basis for grandparent visitation. This law states that "where circumstances show that conditions exist which equity would see fit to intervene * * * the court * * * may make such directions as the best interest of the child may require, for visitation * * * for * * * grandparents in respect to [a] child." On November 1, 1988, significant legislative amendments became effective which affect grandparent visitation procedure. Prior to this enactment, sections 72 and 240 of the Domestic Relations Law were silent in the areas of agency involvement and enforcement of such orders. A review of this legislation is necessary to determine its applicability in the instant case.

The recent legislation added a subdivision to Family Court Act § 651—jurisdiction over habeas corpus proceedings and petitions for custody and visitation of minors. New subdivision (d) provides: "(d) With respect to applications by a grandparent or grandparents for visitation rights, made pursuant to section seventy-two or two hundred forty of the domestic relations law, with a child remanded or placed in the care of a person, official, agency or institution pursuant to the provisions of article ten of this act, the applicant, in such manner as the court shall prescribe, shall serve a copy of the application upon the social services official having care and custody of such child, and the child's law guardian, who shall be afforded an opportunity to be heard thereon." This section certainly envisions the court's authority to entertain a grandparent's petition for visitation after the filing of an article 10 proceeding, as was done in the instant case.

This law also adds a new part 8 to article 10, entitled "Visitation of Minors in Foster Care". This act preserves for grandparents of children in foster care the same rights to

visitation as they had obtained in any prior court order or separation agreement. If the agency opposes the petition, hearing shall be set. "In any hearing under this section, the court shall approve such petition unless the court finds upon competent, relevant and material evidence that enforcement of visitation rights as described in the order, judgment or agreement would endanger the child's life or health. Upon such a finding, the court shall make an order denying such petition or make such other order affecting enforcement of visitation rights as the court deems to be in the best interests of the child." (Family Ct Act § 1082 [4].) The instant grandparents have participated in court-ordered visitation for over two years.

Family Court Act § 1083 provides the "[d]uration of orders affecting visitation rights".[2] In pertinent part, it specifies: "Where an order of the court has been made incorporating an order, judgment or agreement conferring visitation rights with a child on a non-custodial parent or grandparent into a dispositional order under this article, or where the court otherwise orders compliance by a person, official, agency or institution caring for the child, with an order, judgment or agreement granting visitation rights, such order shall remain in effect for the length of time the child remains in such care pursuant to this article, unless such order is subsequently modified by the court for good cause shown." The subject child remains in the Department's care pursuant to the neglect adjudication and disposition. This durational section of the law does not address whether the approval of an instrument of consent to agency adoption (Social Services Law § 384) removes the proceeding from the scope of the article 10 proceeding. If so, it could be argued that this recently enacted law did not contemplate enforcement of grandparent visitation rights after the execution and approval of such surrender.

The amendment to Domestic Relations Law § 240 goes one step further in defining the ambit of such orders by providing for grandparent visitation after the execution of certain voluntary temporary transfers of a child's care.[3] The law provides,

2. The court notes that the provision which relates to the duration of a respondent's visitation order provides that said order "shall terminate upon the entry of an order of disposition". (Family Ct Act § 1030 [e].)

3. An instrument approved under section 358 (a) of the Social Services Law is a voluntary temporary instrument wherein the Department of Social Services accepts custody. Section 384 (a) applies to the transfer of care for a child by a nonparent.

in pertinent part, that: "[i]n any action or proceeding brought * * * to obtain * * * by petition * * * the * * * right to visitation with any child of a marriage, the court must give * * * direction * * *. Such direction may provide for reasonable visitation rights to the maternal and/or paternal grandparents of any child of the parties. Such direction as it applies to rights of visitation with a child remanded or placed in the care of a person, official, agency or institution pursuant to article ten of the family court act, or pursuant to an instrument approved under section three hundred fifty-eight-a of the social services law, shall be enforceable pursuant to part eight of article ten of the family court act and sections three hundred fifty-eight-a and three hundred eighty-four-a of the social services law and other applicable provisions of law against any person having care and custody, or temporary care and custody, of the child." However, this section also does not address the effect of a section 384 surrender on a grandparent's previously ordered visitation. It is the conclusion of this court that the new law also does not preclude this court from entertaining the grandparent's application.

Certainly, this question must be resolved by a consideration of that which is in the child's best interest. In this conclusion, the Law Guardian agrees. The agency has argued that it cannot find a permanent home for the child if visitation continues. It also argues that continued visitation will not further the child's emotional well-being. These are relevant issues which can only be appropriately addressed at hearing.

Accordingly, the following is entered:

ORDER

The Department of Social Services' motion to dismiss Carl and Lois B.'s petition for custody is denied. Hearing on said application is to be set by the court clerk for hearing (one hour).