*932 OPINION OF THE COURT
Beverly Cipollo Tobin, J.
In these proceedings, petitioner, Albany County Department of Social Services, is seeking to terminate the parental rights of respondents, Earl and Olga M., based on permanent neglect (Social Services Law § 384-b [4] [d]; Family Ct Act § 611) and mental illness or mental retardation (Social Services Law § 384-b [4] [c]). The foster parents of three of the respondents’ children have moved to intervene anonymously in the fact-finding phase of these proceedings.* No opposition to the motion has been raised by petitioner, respondents or the Law Guardian.
Movants argue first that they may intervene as of right in termination of parental rights proceedings. In support of this contention, movants rely on CPLR 1012 which permits intervention in a proceeding where there is statutory authority for intervention or where a person’s interest may not be adequately represented by the parties. As statutory authority, movants cite Social Services Law § 383 (3) which empowers foster parents to intervene in any proceeding involving the custody of their foster child. Movants assert that a fact-finding hearing in a permanent neglect proceeding is a proceeding involving the custody of respondents’ children who are in foster care. As authority for this proposition, movants refer to two cases involving termination of parental rights on the ground of abandonment (see, Matter of Stevens, 51 AD2d 877; Matter of Jonathan N. W., 140 Misc 2d 216). The rationale for allowing foster parent intervention in Matter of Stevens was apparently that the foster parents could provide relevant information regarding the child’s best interests, a custody issue. In dicta, the court, in Matter of Jonathan N. W., suggested that foster parent intervention in abandonment cases may be permissible because there is normally no separate dispositional hearing in such cases which would address custody issues independently.
This court finds the decision of the Court of Appeals in Matter of Corey L v Martin L (45 NY2d 383) more instructive on the issue of whether abandonment cases are proceedings involving custody. In that case, the court determined, in the *933 context of an adoption, that the issue of abandonment is separate from the issue of whether adoption is in the child’s best interests, a custody question (see, Matter of Corey L v Martin L, 45 NY2d 383, 391, supra). In applying this rationale to Matter of Stevens (supra), it appears that the court had determined the threshold issue of abandonment and was considering issues of custody. In Matter of Jonathan N. W. (supra), the court considered foster parent intervention permissible since a separate hearing on custody is not mandated. It would appear, therefore, that, in proceedings to terminate parental rights based on abandonment, foster parent intervention is permissible when the issue of abandonment is clearly resolvable against the natural parent and the real issue for the court to determine is what disposition of custody is in the child’s best interests. This court need not rule, however, on the right to intervene in proceedings based on abandonment since that issue is not present in this case.
In proceedings for termination of parental rights based on permanent neglect, the Family Court Act provides for a fact-finding and a dispositional hearing. The purpose of the fact-finding hearing is to ascertain whether a child has been permanently neglected (see, Family Ct Act § 622; see also, Matter of Marina S., 111 Misc 2d 898, 899; Matter of Laura Ann, 82 Misc 2d 776, 777; Matter of Jacqueline J., 74 Misc 2d 254, 256). Since the fact-finding hearing does not involve custody issues, movants have no statutory right to intervene (see, Social Services Law § 383 [3]; CPLR 1012 [a] [1]). This court also finds no legal interest of the foster parents which could be represented by the parties at the fact-finding hearing (CPLR 1012 [a] [2]). Only the parental rights of respondents to their children are at issue.
While movants might argue that if respondents are determined to be mentally ill and unable to care for their children in the foreseeable future no dispositional hearing is required (Social Services Law § 384-b), the court may order such a hearing in its discretion (see, Carrieri, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 52A, Social Services Law § 384-b, 1989 Pocket Part, at 29-30). Where a parent has been declared unfit due to mental illness, the court must consider the child’s best interests. Since this issue is not addressed in the context of a hearing to determine mental fitness, a separate dispositional hearing, although not mandated, would be a necessity in the view of this court. In the instant case, however, the question is not germane. Since the *934 allegations of permanent neglect and mental illness or retardation are being tried simultaneously, the procedure governing permanent neglect proceedings is applicable (Family Ct Act § 611). Pursuant to that procedure, a dispositional hearing must be held if the court determines at the fact-finding hearing that parental rights should be terminated (Family Ct Act §§ 625, 626 [b]).
Movants cite Matter of Michael W. (120 AD2d 87), as establishing a statutory right of intervention in termination proceedings. That case, however, involved foster parent participation pursuant to statutory authority (Family Ct Act § 1055) in a proceeding to modify a dispositional order regarding placement of an abused or neglected child (Matter of Michael W., 120 AD2d 87, 91). The court determined that custody issues were involved (Matter of Michael W., supra, at 91). Movants’ reliance on Matter of Michael W. as authority for intervention in all phases of permanent neglect cases is misplaced. A close reading of the Court of Appeals decision cited in Matter of Michael W. reveals that the foster parents in that case intervened, after the fact-finding hearing was concluded, in the dispositional hearing of a termination proceeding and a pending custody matter (Matter of Sheila G., 61 NY2d 368, 376-377). The issue of whether foster parents may intervene at the fact-finding hearing in permanent neglect cases was not before the court (Matter of Sheila G., supra).
Movants also argue that, while there may be no absolute right to intervene in the fact-finding hearing, the court may permit such intervention in its discretion. CPLR 1013 provides for intervention by permission of the court where a statute confers the right to intervene in the court’s discretion. Unlike the courts in Matter of Marina S. (111 Misc 2d 898, 900, supra) and Matter of Laura Ann (82 Misc 2d 776, 779, supra), this court cannot conclude that there is discretion to allow intervention. This court can find no statute permitting foster parent intervention in the fact-finding hearing of a termination of parental rights case in the court’s discretion. Movants contend that their right to bring a termination proceeding in the limited circumstances where an authorized social service agency has failed to initiate such a proceeding upon order of the Family Court creates discretionary powers. This argument misapprehends the nature of the right. Under limited circumstances, which are not present here, foster parents have an absolute right to bring termination proceedings (Social Services Law § 392 [6] [c]; Family Ct Act § 1055 [d]). When those *935 circumstances do not arise, the Family Court has no authority to entertain termination proceedings commenced by foster parents. These statutes, therefore, do not authorize the Family Court to exercise discretion to permit foster parent intervention in the fact-finding stage of a termination proceeding.
The motion of the foster parents to intervene anonymously in two proceedings to terminate parental rights based on permanent neglect and mental illness or mental retardation is denied.

 Although the foster parents’ motion was untimely when made (Social Services Law § 383 [3]), the children have now resided continuously with the foster parents for a period of 12 months. In the interest of judicial economy, therefore, this court will address the merits of the motion.