■ In the Matter of KIMBERLY J., a Child Alleged to be Neglected. [595 NYS2d 146] —Order unanimously affirmed without costs. Memorandum: Family Court properly denied the foster parents' motion to intervene in this termination of parental rights proceeding based on mental illness or retardation and permanent neglect *(see,* Social Services Law § 384-b [4] [c], [d]). Although the foster parents have had continuous care of the child for more than 12 months, Social Services Law § 383 (3) does not confer upon them the right to intervene in all aspects of such proceedings. Section 383 (3) limits that right to "any proceeding involving the custody of the child". A fact-finding hearing conducted pursuant to article 6 of the Family Court Act on a petition for termination of parental rights based upon permanent neglect does not involve custody issues *(see, Matter of Star Leslie W.,* 63 NY2d 136, 147). Rather, the sole purpose of that hearing is to determine whether the child has been permanently neglected (Family Ct Act § 622; *see also,* Social Services Law § 384-b [7]; Family Ct Act § 614 [1] [a]-[d]; *Albany County Dept. of Social Servs. v Earl M.,* 143 Misc 2d 931, 933). Issues relating to custody are reserved for the dispositional hearing phase of the proceeding (Family Ct Act § 614 [1] [e]; § 623; *see also,* Carrieri, Practice Commentaries, McKinney's Cons Law of NY, Book 52A, Social Services Law § 383, at 488). Because intervention was sought prior to the fact-finding hearing, the motion was properly denied *(see, Albany County Dept. of Social Servs. v Earl M.,*

*supra).* (Appeal from Order of Oneida County Family Court, Morgan, J.—Intervention.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.