■ In the Matter of JAMES V., an Infant. CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent; SALLY V., Appellant. [754 NYS2d 506] —Appeal from an order of Family Court, Cayuga County (Corning, J.), entered November

7, 2001, which found respondent's son to be a permanently neglected child, transferred the guardianship and custody rights of respondent to petitioner and authorized petitioner to consent to the adoption of the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the ordering paragraphs concerning the disposition and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Cayuga County, for further proceedings in accordance with the following memorandum: Respondent appeals from an order finding her son to be a permanently neglected child, transferring the guardianship and custody rights of respondent to petitioner and authorizing petitioner to consent to the adoption of the child. Contrary to respondent's contention, petitioner established by clear and convincing evidence that respondent "failed for a period of more than one year following the date [the] child came into the care of [petitioner] substantially and continuously * * * to * * * plan for the future of the child, although physically and financially able to do so, notwithstanding [petitioner's] diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]). While respondent has attempted to comply with most of the provisions of the service plan, petitioner established that, notwithstanding the efforts of petitioner, respondent is simply not capable of caring for her son despite the services provided (*see Matter of Kenneth A.*, 206 AD2d 602, 603). Respondent further contends that Family Court improperly considered evidence of her mental illness or disability presented at the fact-finding hearing as a basis for the finding of permanent neglect. Even assuming, arguendo, that respondent's contention is preserved for our review, we conclude that the court did not in fact consider such evidence. The record establishes that the court reserved decision at the close of the fact-finding hearing to obtain another psychological evaluation of respondent to assist the court in determining whether the petition should have been brought under Social Services Law § 384-b (4) (c), i.e., whether respondent "presently and for the foreseeable future [is] unable, by reason of mental illness or mental retardation, to provide proper and adequate care for" her son (*see* § 384-b [6] [e]). Upon receiving the report of the court-appointed psychologist opining in effect that respondent is not so debilitated, the court properly determined from the evidence at the fact-finding hearing that respondent permanently neglected her son based on her failure to plan for his return, not based on her mental condition (*see generally Matter of Shanika F.*, 269 AD2d 818, 819). Although we agree

with respondent that the court erred in permitting the attorney for the foster parents to question witnesses during the fact-finding hearing (*cf.* § 383 [3]; *Matter of Kimberly J.*, 191 AD2d 984), we conclude that the error is harmless.

Finally, although the form order recites that a dispositional hearing was held, respondent contends that no such hearing in fact took place. The other parties to the appeal do not dispute that contention, nor does it appear from the record that a dispositional hearing was held. The court was required to hold such a dispositional hearing upon its finding of permanent neglect unless the parties consented to dispense with the hearing (*see* Family Ct Act § 625 [a]; *Matter of Verquan B.*, 225 AD2d 1062). Respondent contends that she did not so consent and the record is silent on the issue. We therefore modify the order by vacating the ordering paragraphs concerning the disposition, and we remit the matter to Family Court, Cayuga County, to conduct a dispositional hearing. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.