Hugh R. Elwyn, J.
This is an application by the respondent to reopen this habeas corpus proceeding for further testimony and for reconsideration of the decision heretofore made which awarded custody of the two minor children to the petitioner.
This proceeding was tried in conjunction with an application by the respondent for temporary alimony on August 6 and 13 *662 and September 13, 1964. The court’s decision was rendered on October 29, 1964 and an order was entered thereon on November 12, 1964. This application to reopen the proceeding and for a reconsideration of the decision was brought on by order to show cause, dated December 4, 1964, returnable before this court on December 8, 1964.
Since the method of procedure for such an application is not prescribed by the Family Court Act, the provisions of the Civil Practice Law and Rules to the extent they are appropriate are applicable (Family Ct. Act, § 165). Practice before the Supreme Court being governed by the Civil Practice Law and Rules, the provisions thereof would be appropriate if the proceedings had been retained and tried before the Supreme Court. Since “ the family court has jurisdiction to determine, with the same powers possessed by the supreme court, habeas corpus proceedings for the determination of custody of minors ’ ’ when referred from the Supreme Court (Family Ct. Act, § 651), the provisions of the Civil Practice Law and Rules are equally appropriate and hence applicable to the proceedings when tried before the Family Court.
In addition to motions made orally immediately after decision, there is only one motion with respect to any decision by a court (CPLR 4406). A posttrial motion for judgment and for a new trial where a jury is not required is governed by CPLR 4404, subd. (b) which provides that “ After a trial not triable of right by a jury, upon the motion of any party or on its own initiative, the court may set aside its decision or any judgment entered thereon. It may make new findings of fact or conclusions of law, with or without taking additional testimony, render a new decision and direct entry of judgment, or it may order a new trial of a cause of action or separable issue.”
However, 4405 of the Civil Practice Law and Rules which prescribes the time and the Judge before whom the posttrial motion may be made provides that ‘‘ A motion under this rule shall be made before the Judge who presided at the trial within fifteen days after decision, verdict or discharge of the jury”.
I do not reach the merits of the application, for I am constrained to deny the application as a matter of law. The application not having been made until 36 days after decision and 22 days after the entry of the order thereon is not timely (CPLR 4405) and the court has no power to grant the application (Mazzeo v. Gelb, 1 A D 2d 916; Carlovich v. Carlovich. 2 A D 2d 974). Application denied.