In the Matter of Toni "WW"* et al., Alleged to be Neglected Children.

Francis M. Comins, as Commissioner of the Delaware County Social Services Department, Respondent; Carol "WW",* Appellant.

Third Department, May 13, 1976

*Terence O'Leary* for appellant.

*Carl F. Becker* for respondent.

---

* Fictitious names used for publication.

HERLIHY, J. On or about April 9, 1975 a neglect petition was filed by the petitioner, Commissioner of Social Services of Delaware County, alleging that appellant left her children with an inebriated babysitter on April 4, 1975 and the babysitter left the children alone; that on other occasions she had left the children alone; that on four dates she left the children with a babysitter without saying when she would return, or how to get in touch with her, and stayed away overnight. The children ranged in age from two to seven years. Hearings were held on April 21 and 30, 1975 before the Family Court. The court found the children to be neglected within the meaning of article 10 of the Family Court Act. The court did not hold a dispositional hearing, but committed the children to custody of the petitioner.

A "neglected child" is defined in the Family Court Act in subdivision (f) of section 1012 as follows:

"(f) 'Neglected child' means a child less than eighteen years of age

"(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care

"(A) in supplying the child with adequate food, clothing, shelter or education in accordance with the provisions of part one of article sixty-five of the education law, or medical, dental, optometrical or surgical care, though financially able to do so or offered financial or other reasonable means to do so; or

"(B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment; or by using a drug or drugs; or by using alcoholic beverages to the extent that he loses self-control of his actions; or by any other acts of a similarly serious nature requiring the aid of the court; or

"(ii) who has been abandoned by his parent or other person legally responsible for his care."

The record contains no evidence that the children's "physical, mental or emotional condition" has in fact been impaired and the initial question is whether or not the record contains competent evidence that such condition was "in imminent danger of becoming impaired".

The Family Court found that the hearing established that the appellant engaged in acts of adultery and used alcohol to excess. It specifically found: "From the testimony the court does find as a matter of fact the children were improperly supervised in that they were left with a 90-year-old woman who obviously at her age can not cope with four small children, that [a witness] testified that the children were left alone is true, and that respondent's paramour [babysitter] was inebriated at the time that she left the children with him on April 4, 1975."

The record contains no evidence that the appellant failed to provide adequate food, clothing, shelter, education or medical care. However, it was established that on occasions the appellant drank alcoholic beverages to excess and that on occasions the children were in an unsupervised condition. While the record contains no evidence that the appellant left the children with an inebriated babysitter on April 4, 1975, the evidence does establish that leaving the children with a babysitter then indulging in drinking alcoholic beverages was questionable conduct. The adulterous conduct of the appellant would not, upon the present record, appear to have any bearing upon the issue of neglect.

The record as a whole and particularly the past conduct of the appellant in leaving her children unsupervised for periods of time (although not apparently any extensive length) and her drinking habits support by a preponderance of the evidence the finding that the children are in imminent danger insofar as their physical condition is concerned. The error of the Family Court in finding that the babysitter on April 4, 1975 was inebriated does not require a new hearing. While the petition did not specify that the appellant had been drinking to excess, it clearly called her conduct on April 4, 1975 into question as well as her conduct in leaving the children unattended or leaving the children with babysitters without returning overnight and it was in that regard that her drinking habits came into the record. The petition alleged a condition of "imminent danger" and that is what was established. Since the petition called the conduct of the appellant into question, there was no need to amend the petition to conform to the proof. (Cf *Matter of Vulon,* 56 Misc 2d 19, 23.) Accordingly, the decision and order of the Family Court that the children are neglected must be affirmed.

However, the court in its decision committed the children to the petitioner's care without first holding a dispositional hearing. Pursuant to the provisions of subdivisions (a) and (d) of section 1051 and sections 1047 and 1048 of the Family Court Act it is readily apparent that a dispositional hearing must be held following the initial hearing or hearings at which the finding of neglect is made (cf *Matter of Milton "BB"*, 37 AD2d 672, 673; *Matter of Raoul P.*, 27 AD2d 522). The failure of the court to hold a dispositional hearing requires a reversal of so much of the decision and order as commits the children to the custody of the petitioner (see *Matter of Debra VV*, 52 AD2d 960). Hopefully, upon remittal and a hearing, it will appear that the appellant (mother) has complied with the court's direction that she provide "a suitable home for them [children]" and the commissioner has in turn returned "the children to [appellant's] custody".

It should be noted that in these proceedings the appellant sought to contest a temporary order entered prior to the hearings herein which removed the children from her custody. The Family Court erred in holding that her right to contest the order had elapsed because 72 hours had passed; however, the appellant never made any application pursuant to section 1028 to contest the temporary order and it is now moot in view of the finding of neglect.

The order should be modified, on the law and the facts, by striking so much thereof as commits the care and supervision of the children to the Commissioner of Social Services, and matter remitted to the Family Court of Delaware County with directions to hold a dispositional hearing and determine custody as soon as practicable, and, as so modified, affirmed, without costs to appellant.

GREENBLOTT, J. P., SWEENEY, MAIN and REYNOLDS, JJ., concur.

Order modified, on the law and the facts, by striking so much thereof as commits the care and supervision of the children to the Commissioner of Social Services, and matter remitted to the Family Court of Delaware County with directions to hold a dispositional hearing and determine custody as soon as practicable, and, as so modified, affirmed, without costs to appellant.