■ KATIE B. et al., Appellants, v MIRIAM H. et al., Respondents. RAPHAEL D., Intervenor-Respondent.—In a proceeding by foster parents to determine custody of a minor child pursuant to Family Court Act § 651 (b), petitioners and the Law Guardian appeal from an order of the Family Court, Queens County (Gallet, J.), dated November 5, 1984, which dismissed the petition.

Order affirmed, without costs or disbursements.

We agree with the Family Court that petitioners, the foster parents, do not have standing to initiate a custody proceeding. Social Services Law § 383 (3) provides only that, "[f]oster parents having had continuous care of a child, for more than

eighteen months * * * shall be permitted * * * to *intervene* in any proceeding involving * * * custody" (emphasis supplied). Under that section, foster parents are also granted the right to apply for adoption *if* the child involved is eligible. The Legislature determines the rights between foster parent and child *(see, Smith v Organization of Foster Families,* 431 US 816, 846).

Petitioners' attempt to label their petition as one to extend placement is inappropriate. Pursuant to Family Court Act § 1055 (b) (i), a petition to extend placement must be brought at least 60 days prior to expiration of placement, except if good cause is shown. Since petitioners did not move for extension until the day foster care placement expired and failed to show good cause for the delay, we cannot treat the petition for custody as one to extend placement. Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.