■ In the Matter of ESTHER MINELLA, Appellant, v ALICE AMHREIN, as Commissioner of the Suffolk County Department of Social Services, Respondent.—In consolidated proceedings pursuant to Family Court Act § 651 to determine the custody of a child, and for a writ of habeas corpus, the petitioner appeals from an order of the Family Court, Suffolk County (Berler, J.), entered July 24, 1986, which granted the respondent's motion to dismiss the consolidated proceedings.

Ordered that the order is affirmed, without costs or disbursements.

The subject infant was born on September 21, 1976, with Apert's syndrome, a series of multiple congenital anomalies which are characterized by deformities of the head, feet and hands. This condition has necessitated intermittent hospitalization and special care since the infant's birth.

The petitioner first encountered the infant on September 20, 1977, in her capacity as a volunteer at St. Mary's Hospital for Children. She thereafter took a special interest in the child and her development. On April 1, 1982, the Suffolk County Department of Social Services placed the infant in a foster care arrangement with the petitioner. The infant was returned to her biological parents on March 2, 1984. Subsequent to that time, the petitioner had intermittent and informal custody of the infant with the consent of the biological parents.

In early 1986 the Commissioner of the Suffolk County Department of Social Services acquired legal custody of the child, pursuant to the surrender of guardianship and custody executed by the child's biological mother and father, who consented on January 30, 1986, and February 3, 1986, respectively. Thereafter, the Commissioner placed the child with foster parents other than the petitioner.

The petitioner subsequently brought a petition for custody in the Family Court, Suffolk County, and at the same time she applied to the Supreme Court, Suffolk County, for a writ of habeas corpus. The habeas corpus proceeding was thereafter referred to the Family Court, and was consolidated with the custody proceeding. The Family Court dismissed the consolidated proceedings on the ground that the petitioner lacked standing to bring them, without prejudice to whatever rights she might have as a prospective adoptive parent.

While foster parents who have had continuous care of an infant through an authorized agency for more than 12 months have the right to intervene in any proceeding involving the

custody of that infant (Social Services Law § 383 [3]), they lack standing to initiate a custody proceeding *(Katie B. v Miriam H.,* 116 AD2d 545). Upon the petitioner's surrender of custody of the infant to the biological parents in March 1984 her status as foster parent terminated as well as her statutory right to intervene in any proceeding involving the custody of the child. Having thus relinquished her status as foster parent, the petitioner herein lacks standing to seek custody of the infant who has been subsequently surrendered to an authorized agency *(see, Matter of Mavis M.,* 110 Misc 2d 297). This is consistent with the well-settled principle that foster parents are essentially contract-service providers *(see, Harris v State of New York,* 117 AD2d 298, 302). Our determination herein is without prejudice to the petitioner's application to become the adoptive parent of the infant.

Nor did the Family Court err in dismissing the application for habeas corpus relief. The petitioner's avowed purpose in bringing the writ was to regain custody of the infant. The procedure governing habeas corpus proceedings in Family Court is governed by the CPLR *(see, People ex rel. Weissman v Weissman,* 50 AD2d 989, 990; *Matter of Schmidt v Schmidt,* 44 Misc 2d 661). Absent any indication that the infant was in any way restrained in her liberty (CPLR 7002 [a]) or that "acceptable reasons of practicability or necessity" required the petitioner to employ a habeas corpus proceeding *(see, People ex rel. Alan PP. v Dunston,* 114 AD2d 678, 679), the determination of the Family Court is sustained. Weinstein, J. P., Spatt, Sullivan and Harwood, JJ., concur.