OPINION OF THE COURT
Daniel F. Luciano, J.
This is a special proceeding commenced by the petitioner, *788 Alice A. Amrhein, seeking to have the court direct that one Darrick Brown, a 19-year-old mentally handicapped individual, be released to the custody of the Suffolk County Department of Social Services to enable the said Department to transfer him from the respondent, Behavior Research Institute, Inc., which is located in Providence, Rhode Island, to a facility known as the Bernard Fineson Developmental Center in New York.
Darrick Brown’s date of birth is October 20, 1967. By an order dated August 28, 1984 the Suffolk County Family Court (Hurley, J.) directed that Darrick Brown be temporarily removed from his residence and authorized the respondent, Behavior Research Institute, Inc., "to provide such emergency medical or surgical procedures for the said child as may be necessary to safeguard the life or health of said child.” Further, by another order of the Suffolk County Family Court dated August 28, 1984* temporary custody of Darrick Brown was granted to the Suffolk County Department of Social Services in accordance with section 1027 of the Family Court Act. The order of Judge Hurley reflects that it was based upon a finding of neglect. The section 1027 order reflects no findings of fact.
For reasons unexplained the two August 28, 1984 orders were apparently not followed by either a fact-finding hearing (Family Ct Act § 1044) or a dispositional hearing (Family Ct Act § 1045) or any other proceedings for placement of Darrick Brown pursuant to section 1055 of the Family Court Act.
Darrick Brown has apparently remained at the respondent, Behavior Research Institute, Inc., since his initial placement at that facility.
By a letter dated May 1, 1986, the New York State Education Department advised the petitioner, Alice A. Amrhein, that the educational needs of individuals such as Darrick Brown could be met in facilities within New York and that "[bjecause such programs are now available within New York State, the State Education Department will not contract with the Behavior Research Institute for the education of any New York State students during the 1986-1987 school year.”
The petitioner, Alice A. Amrhein, asserts that pursuant to the Suffolk County Family Court order which awarded tempo *789 rary custody of Darrick Brown to the Department of Social Services "or otherwise in accordance with her statutory responsibilities under Social Service Law § 398-2 (a), 6 (g)” it is her responsibility to place Darrick Brown in an appropriate facility.
The respondents, Matthew Israel, as Director of Behavior Research Institute, Inc., and Behavior Research Institute, Inc., assert that because Darrick Brown is now over the age of 18 years, and because no court order followed the August 28, 1984 order granting temporary custody there is no effective order currently giving custody to the petitioner, Alice A. Amrhein. It is further asserted that the Bernard Fineson Developmental Center is not an appropriate place for Darrick Brown’s placement and that he is entitled to appointment of a surrogate parent or a guardian.
The court is constrained to agree with the respondents, Matthew Israel, as Director of Behavior Research Institute, Inc., and Behavior Research Institute, Inc., that the petitioner, Alice A. Amrhein, has not established a valid basis for the exercise of custody of Darrick Brown.
Following a temporary award of custody, and absent a challenge to that order pursuant to section 1028 of the Family Court Act the next prescribed procedural steps are a fact-finding hearing and order and a dispositional hearing and order. (See, Matter of Toni "WW", 52 AD2d 108.) The failure to conduct a dispositional hearing would void any order purporting to constitute a placement pursuant to section 1055 of the Family Court Act. (Cf., Matter of Toni "WW", supra.)
As Darrick Brown is no longer under the age of 18 years the court cannot conclude that the temporary order of custody of August 28, 1984, which presumably granted custody to the petitioner on grounds of neglect, can be an effective continuing basis for custody of Darrick Brown since a "neglected child” is one less than 18 years of age. (Family Ct Act § 1012 [f].) Indeed, even pursuant to section 1055 (e) of the Family Court Act which concerns placement after a dispositional hearing "[n]o placement may be made or continued under this section beyond the child’s eighteenth birthday without his consent and in no event past his twenty-first birthday.” When the effect of the order granting custody of Darrick Brown expired the petitioner’s, Alice A. Amrhein, custody of Darrick Brown came to an end and presumably reverted to the parent. (Cf., Matter of Susan F., 59 AD2d 783.) In this regard the *790 court notes a handwritten note purportedly signed by Darrick Brown’s mother, Dorothy Brown, which is dated January 31, 1987 and states "I want my son Darrick Brown to remain at Behavior Research Institute and object to any change of placement.”
Moreover, the petitioner, Alice A. Amrhein, would appear not to have the claimed right to exercise custody under the Social Services Law in view of Darrick Brown’s age. (Social Services Law § 371.)
The court notes that one likely course of action at this point would appear to be a proceeding pursuant to SCPA 1750 for appointment of a guardian for Darrick Brown.
Nevertheless, the only question this court must now decide is whether the respondents, Matthew Israel, as Director of Behavior Research Institute, Inc., and Behavior Institute, Inc., should release Darrick Brown to the custody of the petitioner, Alice A. Amrhein. The court concludes that there is no present basis for the petitioner’s, Alice A. Amrhein, exercise of custody of Darrick Brown and, thus, the respondents, Matthew Israel, as Director of Behavior Research Institute, Inc., and Behavior Research Institute, Inc., are entitled to a judgment dismissing the petition on its merits. The related questions of who should have custody of Darrick Brown and to what extent the State of New York may be liable to the respondent, Behavior Research Institute, Inc., for payment for services rendered on behalf of Darrick Brown are not currently before this court.

 This order contains a typewritten designation that it was issued by Honorable Morton J. Willen but the handwritten signature appears to be that of Honorable H. Patrick Leis, III.