■ In the Matter of JOAN RIVERS, Appellant, v MOZELLE WOMACK, Respondent.—In a proceeding pursuant to Family Court Act § 651 (b), to determine custody of a minor child, the foster mother appeals from an order of the Family Court, Kings County (Tejada, J.), dated March 10, 1989, which dismissed the proceeding on the ground that she lacked standing.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Family Court that the petitioner foster mother does not have standing to initiate a custody proceeding *(see, Matter of Minella v Amhrein,* 131 AD2d 578, 579; *Matter of Michael W.,* 120 AD2d 87, 92; *Katie B. v Miriam H.,* 116 AD2d 545, 546; *Little Flower Children's Servs. v Andrew C.,* 144 Misc 2d 671, 676). Social Services Law § 383 (3) provides only that "[f]oster parents having had continuous care of a child, for more than twelve months * * * shall be permitted * * * to *intervene* in any proceeding involving * * * custody" (emphasis supplied). Contrary to the petitioner's contention, her informal agreement with the natural mother prior to formally assuming the role of a foster parent does not afford standing *(cf., Matter of Anonymous v Olson,* 112 AD2d 299).

We have examined the petitioner's remaining contentions and find them to be without merit. Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.