■ In the Matter of Thomas F., Appellant, v Victoria G., Respondent. [598 NYS2d 1000] —In a proceeding pursuant to Family Court Act article 5 to establish paternity, the petitioner appeals from an order of the Family Court, Queens County (Schindler, J.), dated February 26, 1991, which dismissed the proceeding without a hearing.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly dismissed the proceeding without a hearing, since the blood tests conclusively excluded the possibility of paternity and the authenticity of the test results was not challenged *(see,* Family Ct Act § 532; *Ghaznavi v Gordon,* 163 AD2d 194, 195). We find no merit to the petitioner's contention that the unmarried mother was estopped from denying that the petitioner was the father of the child *(cf., Matter of Ettore I. v Angela D.,* 127 AD2d 6; *Matter of Sharon GG. v Duane HH.,* 95 AD2d 466, *affd* 63 NY2d 859). Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.

■ In the Matter of Thomas F., Appellant, v Victoria G., Respondent. [598 NYS2d 1001] —In a custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Queens County (Schindler, J.), dated May 21, 1991, which dismissed the proceeding without a hearing.

Ordered that the order is affirmed, without costs or disbursements.

In a related proceeding, the Family Court dismissed a proceeding to establish paternity after blood tests excluded the petitioner as the father of the child *(see, Matter of Thomas F. v Victoria G.,* 194 AD2d 670 [decided herewith]). Having determined that the petitioner was not the father, the Family Court properly dismissed the instant proceeding for custody, since the petitioner, who was never married to the mother, is without standing to initiate such a proceeding *(see, Matter of Rivers v Womack,* 178 AD2d 532; *cf., Matter of Anonymous v Olson,* 112 AD2d 299, 230). Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.