■ In the Matter of TERRELL H. and Others, Children Alleged to be Neglected. ALBERTA F., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent, et al., Respondent. [603 NYS2d 737] —Final order of disposition of the Family Court, Bronx County (Gloria Sosa-Lintner, J.), entered November 18, 1991, which, *inter alia,* continued the three children in placement for a nine month period from October 1, 1991, which order followed a fact-finding determination dated July 20, 1991 (Virginia Yancey, J.) that appellant and respondent had neglected Terrell and Latisha by inflicting excessive corporal punishment and by appellant's failing to attend to the needs of said children for counseling, with a derivative finding as to Jemellah, and order entered July 29, 1990 denying a motion for vacatur or a new trial, unanimously affirmed, without costs.

The finding that appellant was guilty of neglect of her daughters Terrell and Latisha by virtue of having inflicted excessive corporal punishment (Family Ct Act § 1012 [f] [i] [B]; *Matter of C. Children,* 169 AD2d 481) and failing to provide the children with adequate psychological or psychiatric care *(Matter of Sharnetta N.,* 120 AD2d 276, 281) was amply supported by a preponderance of the evidence *(Matter of Michael B.,* 60 AD2d 628). Thus, the derivative finding was also proper *(Matter of James P.,* 137 AD2d 461, 464). Nor was there any violation of appellant's due process rights *(see, Matter of Michael G.,* 129 Misc 2d 186, 190), and the other

contentions raised do not warrant reversal. Finally, any argument regarding the Family Court Act § 1028 hearing is moot in light of the neglect finding *(Matter of Toni "WW",* 52 AD2d 108, 111). Concur—Murphy, P. J., Kassal, Rubin and Nardelli, JJ.