■ In the Matter of PHILIP D. S., Appellant, v FRANCINE B., Respondent. In the Matter of TONI SP., an Infant. FRANCINE B., Respondent; COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [696 NYS2d 450] —Appeal from order, Family Court, Bronx County (Harold Lynch, J.), entered on or about May 12, 1998, which denied petitioner's motion to reargue the dismissal of his paternity and custody applications, unanimously dismissed, without costs.

The court properly characterized petitioner's motion as one to reargue the dismissal of his applications for paternity and custody, and thereafter denied it as such. Although petitioner would have us review that denial, no appeal lies from the denial of reargument and petitioner's appeal must, accord-

ingly, be dismissed (*see, Matter of Medina v Brown,* 213 AD2d 195). Were we to review the merits, we would find that in light of blood tests conclusively excluding the possibility of petitioner's paternity, petitioner was not entitled to a hearing on his paternity application (*see, Matter of Pavel C. v Alinda A.,* 210 AD2d 477), or on his custody application, since he is without standing to initiate such a proceeding (*see, Matter of Thomas F. v Victoria G.,* 194 AD2d 670). Petitioner's reliance on the doctrine of equitable estoppel is misplaced because the child's best interests were met when she was placed in her pre-adoptive home, where she is currently thriving. Finally, his argument "regarding the Family Court Act § 1028 hearing is moot in light of the neglect finding" (*Matter of Terrell H.,* 197 AD2d 372, 373). Concur—Sullivan, J. P., Nardelli, Williams, Mazzarelli and Andrias, JJ.