■ In the Matter of JASON G. and Another, Children Alleged to be Neglected. PAMELA G., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [769 NYS2d 889]—

Orders of disposition, Family Court, New York County (Sara Schechter, J.), entered on or about December 7, 2001, which, insofar as appealed from, removed the subject children from respondent's custody upon fact-finding determinations that respondent neglected the older child and derivatively neglected the younger child, unanimously affirmed, without costs.

A preponderance of the evidence supports the finding that respondent neglected the older child on one occasion by hitting him on his legs with a belt causing bruises that required medical attention, and on another occasion by hitting him over his eye with a closed fist, also causing a noticeable bruise (Family Ct Act § 1012 [f] [i] [B]; *see Matter of Rasheid A.*, 283 AD2d 372, 373 [2001], citing, inter alia, *Matter of Alena O.*, 220 AD2d 358, 360 [1995]). No basis exists to disturb Family Court's findings of credibility. The findings of excessive corporal punishment as to the older child support the finding of derivative neglect as to the younger child (*see Matter of Terrell H.*, 197 AD2d 372 [1993]). We note the unchallenged evidence that respondent failed to cooperate with the rehabilitative service plan presented to her by petitioner's caseworker immediately after the first incident, and reject respondent's argument that the finding of derivative neglect is unwarranted since the punishment she inflicted was meant to protect the younger child against a physical threat posed by the older child. Concur—Nardelli, J.P., Sullivan, Rosenberger, Lerner and Gonzalez, JJ.