In the Matter of Poli K. and Others, Children Alleged to be Neglected. Sunai A., Appellant; Administration for Children's Services, Respondent. [824 NYS2d 283]—

Order, Family Court, New York County (Sara P. Schecter, J.), entered on or about February 1, 2005, which, insofar as appealed from, found that respondent neglected the child Poli by inflicting excessive corporeal punishment and made derivative findings of neglect with respect to the children Habib and Subeka, unanimously affirmed, without costs.

The finding of excessive corporeal punishment is supported by a preponderance of the evidence, namely, Poli's hearsay statements to petitioner's caseworker that respondent repeatedly hit her with a sneaker and toilet plunger handle over a period of 20 minutes; the caseworker's visual observation of reddish bruises on Poli's shoulder, arm, elbow, knees and ankle; and a hospital record that reports "multiple bruises on extremities," a history of the incident consistent with Poli's statements to the caseworker, and Poli's statement that respondent had hit her with a sandal two months earlier (*see Matter of Christopher P.*, 30 AD3d 307 [2006]). Although an alternative explanation for the bruises also has support in the record, namely, the casework-

er's testimony that she was told by Subeka and the children's mother that Subeka and Poli got into a fight at about the time of the alleged corporeal punishment, we reject that explanation. It is undermined by different accounts of the reason for the fight given by Subeka and the mother, and by the absence of evidence of any bruises or marks on Subeka. Moreover, Family Court was free to draw the strongest possible inference against respondent, who did not testify (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79-80 [1995]). The severity of the corporeal punishment supports the findings of derivative neglect (*see Matter of Jason G.*, 3 AD3d 340 [2004]). To the extent Family Court did not state the grounds for its findings of neglect and derivative neglect, as required by Family Court Act § 1051 (a), we state the grounds ourselves, as above indicated (*see Matter of New York City Dept. of Social Servs. v Elena A.*, 194 AD2d 608, 609-610 [1993]). Concur—Friedman, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.