◼ In the Matter of MARIA RAQUEL L., an Infant. ANNA V., Appellant; COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent. [826 NYS2d 252]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about December 15, 2003, insofar as it released the subject child to the custody of the nonparty biological father without petitioner's supervision, unanimously affirmed, without costs. Appeal from that part of the order suspending all visitation between mother and child unanimously dismissed as moot, without costs.

The preponderance of the evidence supports a finding that the mother engaged in excessive corporal punishment. The caseworker testified that the child reported being struck with a belt by her mother. The child's body, on examination, showed evidence of such a beating, with several significant marks on her back and extremities (*see Matter of Jason G.*, 3 AD3d 340 [2004], *lv denied* 2 NY3d 702 [2004]). Hospital records and photographs corroborated the caseworker's testimony as to marks on the child's body, and the child's report of being struck by the mother with a belt (*see* Family Ct Act § 1046 [a] [vi]). The mother's failure to testify at the fact-finding hearing permitted the court to draw the strongest inference against her (*see Matter of Alysha M.*, 24 AD3d 255 [2005], *lv denied* 6 NY3d 709 [2006]).

To the extent the dispositional order terminated the mother's visitation, it has been superseded by two other orders providing for supervised visitation, rendering academic this aspect of the mother's appeal (*see e.g. Matter of Kayvonne S.*, 294 AD2d 118 [2002]). Concur—Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.