■ In the Matter of ANIYA C., a Child Alleged to be Neglected. MICHELLE C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [952 NYS2d 127]—

The finding of neglect is supported by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]) showing that appellant inflicted excessive corporal punishment (Family Ct Act § 1012 [f] [i] [B]), by beating her daughter with a belt that left bruises and marks on her neck, arms and legs (*see Matter of Alysha M.*, 24 AD3d 255 [1st Dept 2005], *lv denied* 6 NY3d 709 [2006]). Contrary to appellant's contention, petitioner was not required to demonstrate that the child suffered a "significant injury" (*see Matter of Jonathan F.*, 294 AD2d 121 [1st Dept 2002]).

The out-of-court testimony of the child to the ACS caseworker was corroborated by the caseworker's observation of the child's injuries, the photographs depicting the child's injuries, and the child's medical records related to the subject incident, which contained signed diagrams chronicling the location and/or size of the marks and bruises that were visible on the child's body approximately three days after the incident (*see Matter of Jazmyn R. [Luceita F.]*, 67 AD3d 495 [1st Dept 2009]; *Matter of Fred Darryl B.*, 41 AD3d 276 [1st Dept 2007]; *Matter of Maria Raquel L.*, 36 AD3d 425 [1st Dept 2007]).

No basis exists to disturb the court's credibility determinations (*see generally Matter of Irene O.*, 38 NY2d 776, 777-778 [1975]). Concur—Tom, J.P., Mazzarelli, Catterson, Renwick and DeGrasse, JJ.