In the Matter of KEITH H., JR., a Child Alleged to be Neglected. LOGANN M.K., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK Respondent. [980 NYS2d 14]—

Contrary to respondent's contentions the record is sufficiently complete to allow this Court to make an independent factual review and draw its own conclusions as to whether the child is a derivatively neglected child (see Matter of Allen v Black, 275 AD2d 207, 209-210 [1st Dept 2000]).

The record demonstrates by a preponderance of the evidence that respondent posed an imminent danger of harm to the child, even though he was not abused by her, because there are prior orders finding that she had neglected and derivatively neglected her other children by inflicting excessive corporal punishment upon two of the child's siblings (see Matter of Andre B. [Wilner G.B.], 91 AD3d 411, 412 [1st Dept 2012]; Matter of Ameena C. [Wykisha C.], 83 AD3d 606, 607 [1st Dept 2011]). The prior orders finding neglect, rendered before the child was born, were affirmed on appeal (Matter of Jeremy H. [Logann K.], 100 AD3d 518 [1st Dept 2012]), and supported a finding of derivative neglect as to all other siblings (see Matter of Jacob H. [Logann K.], 94 AD3d 628 [1st Dept 2012], lv dismissed 19 NY3d 952 [2012]).

Moreover, the instant petition was filed within four months after the Family Court's finding of neglect as to the child's older siblings, and respondent does not argue that the neglect finding was too remote in time to the instant proceeding to support a

reasonable conclusion that the condition still exists (*see Matter of Camarrie B. [Maria R.],* 107 AD3d 409 [1st Dept 2013]; *Matter of Kylani R. [Kyreem B.],* 93 AD3d 556, 557 [1st Dept 2012]; *Matter of Cruz,* 121 AD2d 901, 902-903 [1st Dept 1986]).

The facts that respondent had completed a court-ordered mental health evaluation, parenting skills and anger management programs, and participated in regular visitation with the child and his siblings before the instant proceeding commenced does not preclude a finding of derivative neglect (*see Matter of Jason G.,* 3 AD3d 340 [1st Dept 2004], *lv denied* 2 NY3d 702 [2004]). Despite an otherwise good relationship between respondent and her children, her inability to acknowledge her previous behavior supports the conclusion that she has a faulty understanding of the duties of parenthood sufficient to infer an ongoing danger to the subject child (*see Matter of Umer K.,* 257 AD2d 195, 199 [1st Dept 1999]). Moreover, respondent tried to hide from petitioner the fact that she had given birth to the subject child while the previous neglect proceedings against her were still pending, which demonstrates she continues to have a faulty understanding of her duties as a parent.

Contrary to respondent's contention, the Family Court stated on the record that it was entering a finding of neglect as to the subject child based upon the testimony of petitioner's two caseworker witnesses and on the four exhibits submitted in evidence during the fact-finding hearing, which do not involve post-petition events.

Given the failure of counsel to offer any explanation for respondent's absence, the Family Court providently exercised its discretion in initially denying the application for an adjournment (*see Matter of Angie N.W. [Melvin A.W.],* 107 AD3d 907, 908-909 [2d Dept 2013]). Respondent's reliance upon Family Court Act § 262 (a) is misplaced under the circumstances presented here, because the record demonstrates that she was represented by substitute counsel while her assigned counsel was absent. Respondent has failed to demonstrate that she was prejudiced by the court's determination that it would proceed with the fact-finding hearing by inquest, because the record demonstrates that once respondent arrived at the hearing, the court adjourned the matter and her assigned counsel was able to review the transcript and had the opportunity to cross-examine the witness who had testified while counsel was absent.

The Family Court did not abuse its discretion by denying the child's maternal aunt's application to have custody of the child returned to her, based on evidence that she had a tumultuous relationship with respondent and that the child was doing well

in his current home. Lastly, respondent does not assert that there was a material change in circumstances warranting reassessment of the child's nonkinship foster placement. Concur—Acosta, J.P., Saxe, Moskowitz and Feinman, JJ.