■ MARCIA YORIZZO, Appellant-Respondent, v JOHN J. YORIZZO, Respondent-Appellant.—In a matrimonial action, the parties cross-appeal, as limited by their notices of appeal and briefs, from so much of a judgment of divorce of the Supreme Court, Suffolk County, entered January 17, 1977, as awarded plaintiff (1) child support in the sum of $50 per week as of October 18, 1976 and (2) a counsel fee of $5,000, and dismissed the plaintiff's cause of action "for a constructive trust". Judgment modified, on the facts, by reducing the counsel fee awarded to $3,500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The counsel fee awarded was excessive to the extent indicated herein. The remainder of the judgment, insofar as it has been appealed from, is supported by the evidence. Latham, J. P., Cohalan, Margett and Damiani, JJ., concur.

■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v PETER SPERONI, Appellant.—In a proceeding to stay arbitration, the claimant appeals from a judgment of the Supreme Court, Kings County, dated June 20, 1977 which granted the application. Judgment affirmed, without costs or disbursments. The Special Term correctly held that the claimant-appellant's demand for arbitration was barred by the six-year Statute of Limitations and that no case of equitable estoppel could be made out against petitioner-respondent. Accordingly, petitioner's application for a permanent stay of arbitration was properly granted. Shapiro, J. P., Hawkins, Suozzi and Mollen, JJ., concur.

■ In the Matter of MICHAEL B., a Child Alleged to be Abused. JAMES B., Appellant; J. HENRY SMITH, as Commissioner of Social Services, Respondent.—In a child protection proceeding pursuant to article 10 of the Family Court Act, the father appeals from an order of disposition of the Family Court, Richmond County, dated March 15, 1977, which, after a hearing, found that his son was a neglected child and placed him in the custody of the Commissioner of Social Services for a period of 18 months. Order affirmed, without costs or disbursements. There is no merit to appellant's claim that he was denied due process because his admission that his child was neglected, made after consultation with counsel, was invalid because the record fails to establish that it was made knowingly and intelligently. In a child neglect proceeding the requirements of due process are satisfied if a full hearing is accorded, with the right to counsel secured and the fact that the child is neglected established by a preponderance of the evidence *(Matter of Ella B.,* 30 NY2d 352; *Matter of Cardinal [Munyan],* 30 AD2d 444; *Matter of Fred S.,* 66 Misc 2d 683, 688, 692). Hopkins, J. P., Margett, Rabin and Shapiro, JJ., concur.