■ In the Matter of VIRGINIA OO. and Others, Children Alleged to be Abused and Neglected. CLARENCE OO. et al., Appellants; FULTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. — Appeals from an order of the Family Court of Fulton County, entered October 10, 1979, which placed the subject children in the custody of the Fulton County Department of Social Services for a period of 18 months. Custody of the four involved infants (three girls, aged five, three and one and one half, and a boy aged four) was awarded to the respondent department based upon the court's findings, after a hearing, that the girls were sexually abused and that all of the children were neglected. The testimony revealed that the children lived with their parents in squalid conditions. When observed by a caseworker of the department, who had received

a complaint concerning their condition, the children were all described as filthy dirty, unkempt and unwashed. Their hair was matted and they smelled strongly of urine. The bathroom was an open pit dug through the floor of the one-room converted garage that was their home, which lacked even the convenience of running water. Five dogs shared the house, using the kitchen floor as their toilet. The girls revealed a long history of sexual abuse by their own father, one of the appellants herein, consisting of every type of perversion, permitted without apparent objection or complaint or disclosure by their mother, the other appellant. The medical examinations obtained by the department through court order amply corroborated the statements of the girls. They were found to have sustained abrasions, bruises, tears and excoriation of their vaginal areas. Their mother confirmed that the abuse was inflicted by the father and that she had observed it, but failed to complain for fear of "getting hell" from her husband. The evidence adduced at the hearing begun on September 5, 1979 pursuant to article 10 of the Family Court Act, as synopsized above, overwhelmingly exceeded the preponderance necessary for a determination of abuse or neglect. The appellants did not offer any proof except that of the father's aunt, who resided in the house next to the converted garage where the appellants lived. Her testimony was limited to statements that she never observed any abuse and that the children told her they "loved their mother and father". The appellants were afforded a full hearing, at which they were adequately represented by separate counsel. The evidence revealed overwhelmingly that all of the children were neglected and that the three girls were sexually abused continually by the father, with the knowledge and passive consent of the mother, who allowed such sex offenses to be committed against the children and did nothing to stop it. Accordingly, the statutory and due process requirements were all observed as to the parental rights of both appellants (see Family Ct Act, § 1012, subd [e], par [iii]; *Matter of Michael B.,* 60 AD2d 628). The order and the determination made find ample support in the evidence. The order of the Family Court placing the subject children in the custody of the Fulton County Department of Social Services for 18 months for placement upon a finding of abuse and neglect should, therefore, be affirmed. Order affirmed, without costs. Greenblott, J. P., Main, Mikoll and Casey, JJ., concur; Staley, Jr., J., not taking part.