■ In the Matter of DEIDRE S., a Child Alleged to be Neglected. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; PATRICK S. et al., Appellants. MARY L. et al., Intervenors-Respondents.—Dispositional order, Family Court, New York County (Jeffry Gallet, J.), entered July 17, 1989, which terminated the parental rights of respondents and transferred custody and guardianship to the petitioner agency and the Commissioner of Social Services of the City of New York for purposes of adoption, unanimously affirmed, without costs.

In December 1986, petitioner sought termination of respondents' parental rights. In lieu of a fact-finding hearing, respondents stipulated to findings of fact of permanent neglect. Judgment was suspended on various conditions, including that the Bureau of Mental Health Services find, after a subsequent mental examination, that the mother was emotionally fit to parent the child.

The evaluation revealed that the mother was incapable of caring adequately for the child and the agency moved to execute judgment. Opposition papers were submitted which did not contest the accuracy of the evaluation or seek an evidentiary hearing. The court granted the motion and a dispositional hearing was thereafter held over a six-month period, at which psychological testimony was given by both sides. The court thereafter decided that the best interests of the child required termination of the parental rights and commencement of adoption proceedings.

Respondents argue that the court erred in revoking the suspended judgment without holding an evidentiary hearing pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 205.50 (d). However, waiver of statutory and constitutional rights is not prohibited in all circumstances (see, Matter of Abramovich v Board of Educ., 46 NY2d 450, cert denied 444 US 845), and since the suspended judgment was revoked, for reasons other than respondents' voluntary compliance, no prerevocation hearing was required pursuant to the express language of the statute which is limited to a failure to comply.

The weight of the evidence established that termination of the parental rights was in the best interests of the child (Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148). The testimony revealed that the parents suffered from chronic psychological impairments which limited their ability to provide a stable and appropriate home environment for the child and that the foster parents had more than adequate parenting skills which resulted in a bonding with the child who had lived with them since three months of age.

We have considered the remaining arguments and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.