■ In the Matter of SANDRA W. MARILYN W. Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.—In a child neglect proceeding pursuant to Family Court Act article 10, Marilyn W. appeals (1) as limited by her brief, from so much of a fact-finding order of the Family Court, Queens County (Kaufmann, J.), dated March 29, 1988, as, after a fact-finding hearing and upon her admission to the third allegation of the petition, found that Sandra W. was a neglected child, and (2) from a dispositional order of the same court, dated August 23, 1988, placing Sandra W. with the Commissioner of Social Services for 18 months.

Ordered that on the appeal from the fact-finding order is dismissed, as that order was superseded by the dispositional order; and it is further,

Ordered that the dispositional order is modified by adding thereto a provision deleting from the fact-finding order the words "respondent mother admits to allegations of petition", and substituting therefor the words "the respondent mother admits to the third allegation of the petition"; as so modified the dispositional order is affirmed, without costs or disbursements.

After a three-day fact-finding hearing pursuant to Family Court Act § 1028, the appellant Marilyn W. admitted to neglecting her daughter Sandra W. by failing to bring her to required therapy. There is no merit to the appellant's contention that she was coerced into this admission. The record clearly reflects that the appellant was informed by the court that she did not have to make an admission and that she was entitled to a hearing at which she could present and cross-examine witnesses. The appellant also denied that she had been threatened into making the admission or was promised anything in return for her admission. Moreover, the appellant described in her own words that she neglected Sandra W. by failing to take her to required therapy. Accordingly, we con-

clude that the admission was valid, and that the appellant is not entitled to a new fact-finding hearing *(see, Matter of Michael B.,* 60 AD2d 628; *cf., Matter of John R.,* 71 AD2d 896; *Matter of Carmen,* 37 AD2d 629).

The court did, however, incorrectly state that the appellant had admitted to all of the allegations of the petition. In fact, the appellant only admitted to the third allegation of the petition. The court further failed to state the grounds for its finding of neglect in accordance with Family Court Act § 1051 (a). Since we are dealing with a full record, in the interest of judicial economy we decline to remit the matter to the Family Court and instead make the requisite factual findings, modify the fact-finding order accordingly, and affirm the adjudication of neglect *(see, Matter of Porter v Fryer,* 142 AD2d 770; *Matter of Commissioner of Social Servs. v George C.,* 78 AD2d 541).

We reject the appellant's remaining contentions. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.