■ In the Matter of COURTNEY B. and Another, Children Alleged to be Abused and/or Neglected. LEWIS B., Appellant; ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [612 NYS2d 535] —Order unanimously affirmed without costs. Memorandum: All parties to this child protective proceeding stipulated that the sworn statement of respondent's daughter be admitted into evidence at the fact-finding hearing as proof that, on February 14, 1991, respondent engaged in hand to breast contact with the daughter. They further stipulated that the daughter was an abused child and respondent's son was a neglected child. Family Court issued an order of fact-finding in accordance with that stipulation. At the dispositional hearing, the parties further stipulated to a proposed disposition that was accepted by the court and made a part of the order of disposition.

We reject respondent's contention that the stipulations are unenforceable because they were agreed to by respondent's attorney without respondent having personally stated his consent. Family Court Act § 1051 (a) authorizes the parties to consent to the entry of an order of fact-finding based upon certain facts (see, Matter of Michelle I., 189 AD2d 998; Matter of Deidre S., 169 AD2d 578; Matter of Tammy B., 157 AD2d 719, lv denied 76 NY2d 701). That statute does not require that the court inquire of a respondent whether he understands the terms of the stipulation and consents to those terms (cf., Matter of Michael B., 60 AD2d 628). Respondent was present in the courtroom when each stipulation was placed upon the record. He voiced no objection on either occasion, and he does not contend that he did not understand the stipulations or that he did not voluntarily consent to their terms. Under the circumstances, we perceive no impediment to enforcement of the stipulations. (Appeal from Order of Onondaga County Family Court, Bersani, J.—Abuse and Ne-

■■■■■■■■■

glect.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.